Jerry WATERS, Petitioner–Appellant,

v.

Michael MCGINNIS, Respondent–Appellee.

No. 03–2463.

United States Court of Appeals, Second Circuit.

May 25, 2004.

Andrew D. Greene, Lake Success, NY, for Appellant.

Daniela Conti Maiorana, Assistant District Attorney, Richmond County, Staten Island, N.Y. (Daniel M. Donovan, Jr., District Attorney, Richmond County, on the brief), for Appellee.

PRESENT: WINTER, STRAUB, and LAY,* Circuit Judges.

*SUMMARY ORDER*

Petitioner–Appellant Jerry Waters appeals from the June 16, 2003 judgment of the United States District Court for the Eastern District of New York (Jack B. Weinstein, *Judge* ) denying his petition for a writ of habeas corpus. Among its determinations, the District Court denied petitioner's claim that his constitutional rights were violated because of the alleged partiality of one of the jurors but granted a certificate of appealability as to this issue. *Waters v. McGuiness,* 2003 WL 21508318, *4 (E.D.N.Y., June 16, 2003). Familiarity is assumed as to the facts of this case, its procedural context, and the issue that has been raised for appellate review.

By deliberately choosing not to challenge this particular juror before the trial court, Waters has waived the opportunity to challenge the juror's impartiality on habeas review. *See United States v. Ragland,* 375 F.2d 471, 475 (2d Cir.1967) ("Failure to object to the composition of the jury has long been held to result in a waiver of the right of the accused to be heard by an impartial jury."); *see also United States v. Gersh,* 328 F.2d 460, 463–64 (2d Cir.1964) (denying relief due to defendant's failure to challenge juror's partiality in a timely fashion, stating also that it is impermissible for defense counsel to have known of the bias "before the case was submitted to the jury or while it was deliberating, but [to] nevertheless st[an]d mute, gambling on an acquittal while holding this issue in reserve.").

Defendant's claim that, during his trial, he was unaware of the alleged bias is unavailing. As the District Court noted, "[t]he trial transcript reveals that it was petitioner himself who insisted, against his lawyer's advice, to leave this juror on the panel even after they learned his job title." *Waters,* 2003 WL 21508318, at *4. At the venire, the juror stated that he is "Assis-

---

* The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

tant Deputy Warden for Department of Correction." The juror also stated that he had been called at some point in the past "to testify in a trial regarding a [jail] riot." Through counsel, Waters easily could have inquired further about any of these statements. Given these facts and the fact that Waters' attorney advised Waters to seek to exclude this juror, we find that Waters has waived the right to make this objection now.

While we sometimes apply plain error analysis to forfeited claims, having not followed his attorney's advice to object to the seating of the juror after the issue was raised in open court, Waters has waived rather than merely forfeited the opportunity to object to the juror's alleged partiality. *Cf. United States v. Brown*, 352 F.3d 654, 663 (2d Cir.2003). In any event, the defendant does not ask us to apply a plain error review, and even if such an analysis were appropriate, we would not exercise our discretion to do so here. *See United States v. Olano*, 507 U.S. 725, 735, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) ("If the forfeited error is 'plain' and 'affect[s] substantial rights,' the court of appeals has authority to order correction, but is not required to do so.") On the record, there is no evidence of partiality. The juror in question stated that he could fairly and impartially fulfill his duties based solely on the evidence presented in court. Lastly, there is no indication to this day that the juror had any prior contact with Waters nor that the juror knew that Waters was allegedly involved in a jailhouse fracas two weeks prior to his trial.

For the foregoing reasons, the judgment of the District Court is hereby AFFIRMED.